FILED
2006 Jun-29 PM 03:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **EMMA MALONE, by and through her father and next friend, James Malone; JAMES MALONE, individually,** | }<br>}<br>}<br>} |
| **Plaintiffs,** | }<br>} |
| v. | }<br>}   Case No.:  **4:04-CV-3389-RDP** |
| **MARSHALL COUNTY BOARD OF EDUCATION; LOWELL SMITH; AMY HOLCOMB,** | }<br>}<br>}<br>}<br>} |
| **Defendants.** | } |

## MEMORANDUM OPINION

**I.   INTRODUCTION**

Pending before the court is Defendants' Motion for Summary Judgment (Doc. #42) filed on February 28, 2006.  Plaintiffs and Defendant Marshall County Board of Education have reached a settlement of their claims, the terms of which the court has approved after considering the report of the appointed guardian ad litem regarding the interests of minor Emma Malone and conducting a *pro ami* hearing on June 14, 2006.  Therefore, Defendants' Motion for Summary Judgment remains ripe only as it relates to the individually named defendants, who worked at Boaz High School, which is within the jurisdiction of Defendant Marshall County Board of Education:  Principal Lowell Smith ("Smith") and Teacher Amy Holcomb ("Holcomb").[1]  As discussed below, the court finds that both

---

[1]As further agreed by the parties and reported to the court in a conference call held on May 23, 2006, any so-called official capacity claims asserted against Smith and Holcomb are similarly gone from this lawsuit.  The claims that do remain are against Smith and Holcomb, in their individual capacities.

Smith and Holcomb are entitled to summary judgment on Plaintiff's §1983 claims because they are due qualified immunity.

## II.   STATEMENT OF FACTS[2]

Plaintiff Emma Malone was a student in Holcomb's special education class at Boaz High School during the 2003-04 school year. AF No. 1.[3] Plaintiff Emma Malone is twenty years old, suffers from Down Syndrome, and has profound disabilities. AF No. 2. She is severely mentally retarded and has virtually no ability to communicate. AF No. 2. At all times relevant to this lawsuit, Holcomb was a special education teacher at Boaz High School and Smith was the principal at Boaz High School. AF No. 3. Until the end of the 2003-04 school year, Boaz High School was a school in the Marshall County school system. AF No. 4. Plaintiff Emma Malone was a good student in Holcomb's class for the first part of the school year. AF No. 5.

---

[2]These are the facts for summary judgment purposes only. They may not be the actual facts. *See Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1400 (11th Cir. 1994) ("'[W]hat we state as 'facts' in this opinion for purposes of reviewing the rulings on the summary judgment motion [ ] may not be the actual facts.'") (citation omitted).

[3]The designation "AF" stands for admitted fact and indicates a fact offered by Smith and Holcomb that Plaintiffs have admitted in their written submissions on summary judgment, in Plaintiff James Malone's deposition testimony, or by virtue of any other evidence offered in support of their case. Whenever Plaintiffs have adequately disputed a fact offered by Smith and Holcomb, the court has accepted Plaintiffs' version. The court's numbering of admitted facts (*e.g.*, AF No. 1) corresponds to the numbering of Defendants' Statement of Facts as set forth in Doc. #43 and responded to by Plaintiffs in Doc. #53. A number following a decimal point corresponds to the particular sentence within the numbered statement of facts. For example, (AF No. 17.2) would indicate the second sentence of paragraph 17 of Defendants' Statement of Facts is the subject of the court's citation to the record. Similarly, the designation "AAF" stands for additional admitted fact and corresponds to Plaintiffs' Additional Undisputed Facts contained in Doc. #53 and responded to by Smith and Holcomb in Doc. #49. Any other facts referenced by the parties that require further clarification are dealt with later in the court's opinion.

While Plaintiffs admit that videotaping a student is an appropriate pedagogical tool to document and determine the cause of that student's behaviors, Plaintiffs dispute the constitutionality of the methods used by Smith and Holcomb to provoke a reaction from Plaintiff Emma Malone that was partially captured on videotape,[4] including instances of taking away her orange juice, her sausage and biscuit, and her doll, without obtaining specific prior parental permission as recommended by Special Education Coordinator Annie Spike. AF No. 12; AAF Nos. 11-12; Doc. #53 at 27-28. The Alabama State Department of Education suggests and approves of the use of videotape as an appropriate way to document activities and behavior of students with significant cognitive delays, like Plaintiff Emma Malone. AF No. 13. The parties agree that special education teachers must use creative techniques to educate their students if one standard methodology of teaching is not successful. AF No. 14.

The Marshall County Board of Education does not have a policy prohibiting videotaping students. AF No. 15. Instead, the Marshall County Schools Student Handbook for Middle and High Schools for the 2003-04 school year informs parents and students that students are subject to being videotaped while in school buildings, on school grounds, at school events and on system-owned/maintained vehicles. AF No. 16.

Plaintiff James Malone, the father of Plaintiff Emma Malone, read and agreed to the Marshall County Schools Student Handbook every year his daughter was in school. AF No. 17.1. In fact, he signed the acknowledgment form in the student handbook at the beginning of every school year. AF

---

[4]Plaintiffs point out that "[w]hat [the videotape] footage does not show, however, is the explicit act which causes Emma to act out on camera." Doc. #53 at 27.

No. 17.2.  Furthermore, Holcomb requires each parent to sign a media release allowing the students in her classroom to be videotaped or photographed during the school year.  AF No. 18.

The students in Holcomb's class were videotaped on several occasions during the school year such as while participating in birthday parties, dances and outings.  AF No. 19.  There are several other video cameras located on the school grounds at Boaz High School and on the school buses.  AF No. 20.  Plaintiff James Malone never saw any educator provoke Plaintiff Emma Malone and then videotape her.  AF No. 22.  Moreover, Plaintiff James Malone never saw the Plaintiff Emma Malone being videotaped.  AF No. 21.  The students in Holcomb's class were not only taught academics, but also social and basic living skills.  AF No. 25.

### III.   STANDARD OF REVIEW

Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R .Civ. P. 56(c).  All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant.  *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).  The substantive law will identify which facts are material and which are irrelevant.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson,* 477 U.S. at 248.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson*, 477 U.S. at 249.

### IV.   ANALYSIS

#### A.   Qualified Immunity Doctrine

Qualified immunity offers complete protection for government officials sued in their individual capacity if their conduct "does not violate clearly established statutory or constitutional

rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The analysis utilizes an "objective reasonableness standard, giving a government agent the benefit of the doubt unless h[is] actions were so obviously illegal in the light of then-existing law that only an official who was incompetent or who knowingly was violating the law would have committed them." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1366 (11th Cir. 1998). As the Eleventh Circuit has recently stated, "the salient question . . . is whether the state of the law [at the time of the events in question] gave respondents fair warning that their alleged treatment of [the plaintiff] was unconstitutional." *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1278 (11th Cir. 2004) (quoting *Hope v. Pelzer*, 536 U.S. 730, 741 (2002)). "We generally accord . . . official conduct a presumption of legitimacy." *United States Department of State v. Ray,* 502 U.S. 164, 179 (1991).

Under the qualified immunity doctrine, government officials performing discretionary functions are immune from suit unless the alleged conduct violates "clearly established [federal] statutory or constitutional rights of which a reasonable person would have known." *Harlow*, 457 U.S. at 818.[5] "Qualified immunity operates to ensure that before they are subjected to suit, officers are on notice their conduct is unlawful." *Hope v. Pelzer*, 536 U.S. at 739 (internal quotations and citation omitted). "This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-

---

[5] "Clearly established" rights must be "developed [] in a concrete factual context so as to make it obvious to a reasonable government actor that his actions violate federal law." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Only Supreme Court, Eleventh Circuit, and Alabama Supreme Court cases can "clearly establish" the law in this Circuit. *Thomas v. Roberts*, 323 F.3d 950, 955 (11th Cir. 2003).

existing law the unlawfulness must be apparent." *Pelzer*, 536 U.S. at 739 (internal quotations and citations omitted).

Once a defendant has raised the defense of qualified immunity and has shown that his or her actions were within the scope of discretionary authority, then the plaintiff has the burden to overcome the defense. More specifically, the Eleventh Circuit recognizes the following two-part analysis for qualified immunity claims:

> 1. The defendant public official must first prove that "he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred."
>
> 2. Once the defendant public official satisfies his burden of moving forward with the evidence, the burden shifts to the plaintiff to show lack of good faith on the defendant's part. This burden is met by proof demonstrating that the defendant public official's actions "violated clearly established constitutional law."

*Rich v. Dollar*, 841 F.2d 1558, 1563-64 (11th Cir. 1988) (quoting *Zeigler v. Jackson*, 716 F.2d 847, 849 (11th Cir. 1983)) (other citations omitted). Furthermore, there is a temporal requirement related to this inquiry. A plaintiff must show that a reasonable public officer would not have believed her actions to be lawful in light of law that was clearly established *at the time* of the purported violation. *Anderson v. Creighton*, 483 U.S. 635, 641 (1987); *Johnson v. Clifton*, 74 F.3d 1087, 1091 (11th Cir. 1996).

### B. Qualified Immunity Application

#### 1. Smith and Holcomb Were Exercising Their Discretionary Authority.

As a threshold matter, a government official first must show that he acted within his discretionary authority; in other words, that "objective circumstances [exist] which would compel the conclusion that his actions were undertaken pursuant to the performance of his duties and within

the scope of his authority." *Rich v. Dollar*, 841 F.2d 1558, 1564 (11th Cir. 1988). At this stage of the analysis, the court should ask whether the government employee was (a) performing a legitimate job-related function, (b) through means that were within his power to utilize. *Holloman v. Harland*, 370 F.3d 1252, 1265 (11th Cir. 2004).

In determining whether this test is met, there is no analysis of whether the official actually acted lawfully. *See Sims v. Metropolitan Dade County*, 972 F.2d 1230, 1236 (11th Cir. 1992). Rather, the issue is whether "the act complained of, if done for a proper purpose, would be within, or reasonably related to, the outer perimeter of [the governmental officer's] discretionary duties." *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1282 (11th Cir. 1998). As such, "[i]t is perfectly logical for a court to find that someone who was acting illegally was acting within his discretionary authority." *Godby v. Montgomery County Bd. of Educ.*, 996 F. Supp. 1390, 1401 (M.D. Ala. 1998). Given this broad standard on acting with official discretion, the job-related responsibility of Smith and Holcomb to maintain a classroom environment that is conducive to learning for all students, and the general power of school officials to document a student's unruly behavior by videotape, the court finds that Defendants were acting "pursuant to the performance of [their] duties" and "within the scope of [their] authority" when they took the actions forming the basis for Plaintiffs' § 1983 claims. While Plaintiffs argue that the power to videotape does not encompass the right to provoke a student to misbehave by removing various items within her possession, that particular challenge applies to the legality of Smith and Holcomb's acts rather than the permissible scope of their discretionary authority.

### 2. Plaintiffs Have Not Established a Violation of a Clearly Established Constitutional Right.

Having determined that Smith and Holcomb were operating within their discretionary authority, the court must ask whether Plaintiffs' allegations, if true, establish the violation of a constitutional or statutory right. *Bogle v. McClure,* 332 F.3d 1347, 1355 (11th Cir. 2003) (citing *Hope v. Pelzer,* 536 U.S. at 736 and *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). "If a constitutional or statutory right would have been violated under the plaintiff's version of the facts, the next step is to ask whether the right was clearly established." *Bogle*, 332 F.3d at 1355.

In opposing summary judgment, Plaintiffs maintain that Smith and Holcomb's actions violated their substantive due process rights protected by the Fourteenth Amendment of the United States Constitution. *See* Doc. #53 at 24 ("Specifically, plaintiffs claim liberty interests under the due process clause of the Fourteenth Amendment, and under the facts of this case made claims which are termed "substantive due process" claims actionable via 42 U.S.C. § 1983."). In addition to due process, Plaintiffs' Complaint maintains that Defendants violated the Fourth Amendment rights of Plaintiff Emma Malone. However, regardless of which constitutional provision Plaintiffs rely upon, they have not met their burden of demonstrating to the court how Smith and Holcomb's actions, taken in a light most favorable to Plaintiffs, violate Plaintiff Emma Malone's constitutional rights. *Cf. Gaither v. Barron*, 924 F. Supp. 134, 137 (M.D. Ala. 1996) ("Plaintiffs cannot raise a state tort claim to the level of a federal disability claim merely because the plaintiff has a disability at the time the event occurred.").

Plaintiffs cite to *Neal v. Fulton County Bd. of Educ.*, 229 F.3d 1069 (11th Cir. 2000), and note that the substantive component of the due process clause is violated by state conduct when such

8

can be properly characterized as "arbitrary, or conscience-shocking, in a constitutional sense." *Id.* at 1074 (internal quotations and citation omitted). However, an examination of the *Neal* opinion reveals the marked differences between the qualified immunity facts and the circumstances of this case. As summarized by the Eleventh Circuit in *Neal*:

> Plaintiff Durante Neal, a high school freshman and member of the varsity football team, appeals from the district court's dismissal of his complaint alleging that Tommy Ector, a high school teacher and football coach, violated his right under the Due Process Clause to be free from excessive corporal punishment. Ector allegedly struck Plaintiff with a metal weight lock, blinding him in one eye, as a form of punishment for Plaintiff's involvement in a fight with another student. The vast majority of Circuits have concluded that substantive due process principles established by the Supreme Court protect a student from corporal punishment that is intentional, obviously excessive, and creates a foreseeable risk of serious injury.

229 F.3d at 1069. Unlike the teacher in the *Neal* case, who allegedly struck the student with a metal weight lock, causing him to become partially blind, there is no evidence of any corporal punishment in this case, much less a physical punishment that could have caused (or allegedly resulted in) a serious injury.[6]

Alternatively, even if Plaintiffs could establish a constitutional violation, which they cannot, Plaintiffs have not adequately demonstrated how Smith and Holcomb breached law that was clearly established law at the time of their actions. The cases relied upon by Plaintiffs predominantly involve corporal punishment, which undisputedly is not at issue here. Moreover, not one of those cases addresses the alleged violation of a parent's independent constitutional rights based upon what is alleged to be an educator's improper treatment of a student. Plaintiffs concede, as they must, that

---

[6]The only evidence in the record of any significant physical contact took place "on or about March 29, 2004, when Emma, refusing to go outside, dropped to the floor and Holcomb had to use her legs placed over Emma's leg to keep her from kicking the teacher's aide (Bonnie Harris)." Doc. #53 at 1 at Plaintiffs' disputed fact number 6 (detailing Plaintiffs' version of chronological events).

9

they are relying upon those cases by analogy only. Doc. #53 at 32 ("If such is analogized to the facts of this case, defendants had to be on notice that their actions would be considered arbitrary, capricious or wholly unrelated to the legitimate goal of maintaining an atmosphere conducive to learning.") (citing *C.B. v. Bobo*, 659 So. 2d 98, 103 (Ala. 1995) (articulating substantive due process standard on corporal punishment) (quoting *Doe v. Taylor Ind. Sch. Dist.*, 15 F.3d 443, 451 (5th Cir. 1994))). That is, Plaintiffs assert that a body of law related to corporal punishment constitutional standards should apply by analogy to videotaping the reactions of a profoundly disabled student after various provocations. The court disagrees and finds that, at the time of Defendants' actions in this case, there was no clearly established law putting them on notice their conduct violated Plaintiff Emma Malone's constitutional rights. That is, the "state of the law [at the time of the events in question] [did not give] respondents fair warning that their alleged treatment of [the plaintiffs] was unconstitutional." *Holloman*, 370 F.3d at 1278  Therefore, Smith and Holcomb are entitled to qualified immunity for this additional reason.

    **C.**    **Remaining State Law Claims**

Having concluded that Smith and Holcomb are entitled to summary judgment on all federal claims, pursuant to 28 U.S.C. § 1367(c)(3), the court, in its discretion, declines to exercise jurisdiction over the remaining state law claims, and will enter an order dismissing them without prejudice.

**V.**    **CONCLUSION**

Smith and Holcomb have carried their burden on summary judgment of demonstrating that there are no material facts in dispute and that they are entitled to judgment as a matter of law on Plaintiffs' federal claims. More specifically, Smith and Holcomb are entitled to qualified immunity

with respect to Plaintiffs' federal claims because (1) there has been no showing that they committed any constitutional violations against Plaintiffs, and (2) alternatively their actions did not violate any clearly established law.  The court, in its discretion, declines to exercise jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(c)(3), and will enter an order dismissing those claims without prejudice.

      **DONE** and **ORDERED** this ___29th___ day of June, 2006.

                                            **R. DAVID PROCTOR**
                                            UNITED STATES DISTRICT JUDGE